UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 8:14-CR-384-T-17JSS

LEONEL SALGADO.
_____/

ORDER

This cause is before the Court on:

Dkt. 102   Motion for Sentence Reduction Pursuant to
18 U.S.C. Sec. 3582(c) and Amendment 794

Defendant Leonel Salgado, *pro se*, moves for a sentence reduction Pursuant 18 U.S.C. Sec. 3582(c) and Amendment 794.

Defendant Salgado entered into a Plea Agreement, pleading guilty to Count 1 of the Indictment. Defendant Salgado's Plea Agreement includes an appeal waiver. (Dkt. 42, p. 17).

Defendant Salgado was sentenced on July 10, 2015. (Dkts. 72, 77). Defendant's counsel did not assert any objection involving a determination of the "minor role" of Defendant Salgado at sentencing. Defendant Salgado did not file a direct appeal of his sentence. Defendant Salgado's PSR reflects only a 2-level reduction under Sec. 5C1.2 and a 3-level reduction for acceptance of responsibility.

Amendment 794 is a clarifying amendment. Amendment 794 made no substantive change to U.S.S.G. Sec. 3B1.2.

Nonconstitutional claims such as clarifying amendments to the Sentencing Guidelines "can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demand of fair procedure.' " **See Burke v. U.S.**, 152 F.3d 1329, 1331 (11th Cir. 1998) (quoting **Reed v. Farley**, 512 U.S. 339, 348 (1994)). The "fundamental miscarriage of justice" exception provides

that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent." **See Murray v. Carrier**, 477 U.S. 478, 496 (1986)( [I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default).

Amendment 794 provides a nonexhaustive list of factors the Court should consider when determining whether a mitigating role adjustment applies. **See** U.S.S.G. Sec. 3B1.2. Defendant Salgado did not raise this issue on direct appeal, and cannot raise it on collateral review because Defendant Salgado has not established that it is a fundamental defect that results in a complete miscarriage of justice, or its omission is inconsistent with the rudimentary demand of fair procedure. The Court further notes that Amendment 794 is not retroactive on collateral review. **See** U.S.S.G. Sec. 1B1.10 (d) (listing amendments that have been made retroactively applicable to defendants on collateral review).

After consideration, Defendant Salgado's Motion to Reduce Sentence is denied. Accordingly, it is

**ORDERED** that *pro se* Defendant Leonel Salgado's Motion to Reduce Sentence Pursuant to 18 U.S.C. Sec. 3582(c)(2) and Amendment 794 (Dkt. 102) is **denied**.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 5th day of November, 2019.

ELIZABETH A. KOVACHEVICH
Senior United States District Judge

2

Copies to:

All parties and counsel of record

**Pro Se** Defendant:

Leonel Salgado
61247-018
FPC Pensacola
FEDERAL PRISON CAMP
P.O. Box 3949
Pensacola, FL  32516